IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL NO. 2:04CV30

| | |
|---|---|
| LYLE P. JENKINS, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on Plaintiff's application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), filed December 20, 2004. Defendant filed a response to the Plaintiff's application on January 19, 2005, admitting the Plaintiff is entitled to an award of reasonable attorney's fees and paralegal costs for assistance, but contends the number of hours charged and the hourly rate suggested are excessive and should be reduced before an award is made.

Addressing Defendant's argument of an excessive number of hours charged,

> [o]nce the district court determines that plaintiffs have met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the task of determining what fee is reasonable. . . . Ideally, of course, litigants will settle the amount of a fee. However, where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended. Counsel should submit evidence supporting the hours worked, and exercise billing judgment with respect to hours worked. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.

*Hyatt v. Barnhart*, **315 F.3d 239, 253 (4th Cir. 2002) (internal citations and quotations omitted).** On review of the Plaintiff's motion, the Court finds the following hours were not reasonably expended by Attorney Bowling and disallows same: one hour on February 13, 2004, for the filing of the summons and complaint; and one hour on June 25, 2004, for filing the motion for summary judgment and brief. These acts would normally be clerical tasks and do not require the expertise of experienced counsel. ***Holdeman v. Pennhurst State Sch. & Hosp.*, 49 F.3d 939, 942 (3d Cir. 1995).** The Court also disallows the following hours: 2 hours for Attorney Martin on May 24, 2004, for deciding whether or not to appeal the case (a decision for Attorney Bowling); and 5 hours from June 19 through June 24, 2004, for preparing and proofreading the brief since these tasks duplicated paralegal time. The remaining attorney hours claimed are approved.

The Court next addresses the Defendant's objection to paralegal charges. The relevant inquiry for requested paralegal fees is "'whether the work was sufficiently complex to justify the efforts of a paralegal, as opposed to an employee at the next rung lower on the pay-scale ladder.'" ***Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999) (quoting *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1315 (7th Cir. 1996)).** In other words, "'paralegal time is recoverable as part of a prevailing party's award for attorney's fees and expenses [but] *only to the extent that the paralegal performs work traditionally done by an attorney.*' . . . 'Otherwise, paralegal expenses are separately unrecoverable overhead expenses.'" ***Hyatt, supra*, at 255 (quoting *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) and *Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982)).** The Court agrees with the Defendant that the number of paralegal hours requested is excessive and disallows 2

hours from the review of the transcript on June 16, 2004, and 4 hours from the drafting of the arguments and statement of the case on June 17 and 18, 2004, for a total of 6 hours. The remaining paralegal charges are approved.

The Defendant also objects to the hourly rate of compensation sought by Plaintiff's attorneys. Title 28, United States Code, Section 2412(d)(2)(A) provides for the award of "reasonable" attorney fees to the prevailing party.

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

**28 U.S.C. § 2412(d)(2)(A)(ii).** In determining an appropriate hourly rate, the Court will consider the "prevailing market rates" for services charged by lawyers of similar talents and experience as well as cost of living increases or other "special factors." ***Id.***; *see also*, ***Sullivan v. Sullivan*, 958 F.2d 574, 576 (4th Cir. 1992);** *Meyer v. Sullivan***, 958 F.2d 1029, 1035 (4th Cir. 1992).**

The Plaintiff has met his burden of proof by showing through affidavits of four experienced and talented attorneys in his community of practice that the hourly market rate for similar services would average at least $200 per hour. He has further shown that the September 2004 Consumer Price Index published by the Bureau of Labor Statistics reflects a cost of living increase of 21.97 percent from March 1996, the date the statutory rate of $125 per hour was established. Applying this increase to the $125 cap provides the requested hourly rate of $152.46. "A fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall. In 'exceptional circumstances,' this presumptively fair lodestar

figure may be adjusted [upward]." ***Daly v. Hill*, 790 F.2d 1071, 1078 (4ᵗʰ Cir. 1986).** The Court concludes the evidence presented satisfies the requirements of this test.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion for attorney's fees under the EAJA is **GRANTED IN PART AND DENIED IN PART**, and Plaintiff is hereby awarded the sum of **THREE THOUSAND, EIGHT HUNDRED NINE DOLLARS AND FORTY-FIVE CENTS ($3,809.45)** pursuant to the EAJA, 28 U.S.C. § 2412(d).

**Signed: July 18, 2005**

Lacy H. Thornburg
United States District Judge